UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-cr-55 |
| | ) | Mattice / Lee |
| DONALD RAY FREEMAN | ) | |

## REPORT AND RECOMMENDATION

**I.     INTRODUCTION**

Defendant Donald Ray Freeman ("Defendant") filed a motion to suppress evidence seized by law enforcement officers during the execution of a search warrant at his residence [Doc. 17]. Defendant's motion was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) [Doc. 14]. Remarkably, the Government has not filed a response in opposition to the motion to suppress, and because this motion required no evidentiary hearing,[1] the Government has made no argument whatsoever in response to Defendant's motion. The Government did not ask for an extension of time to file a responsive pleading, nor did it provide an explanation for its failure to file. The Government's failure is even more remarkable given that counsel for both parties were notified the response was overdue and the Government indicated it would file a response "in short order," but never did so. The Government's failure to respond may be deemed a waiver of any arguments it has in opposition to the motion. *See* Fed. R. Crim. P. 12(e) and E.D. TN. LR 7.2. Nevertheless, I will consider Defendant's motion on the merits without the benefit of input from the Government.

---

[1] Whether the magistrate had probable cause to issue the warrant turns solely on the contents of the supporting affidavit, and an evidentiary hearing is therefore unnecessary. *See United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009) (stating that court's review is "limited to examining the information contained in the four corners of the affidavit").

A warrant was issued for the search of Defendant's residence based on the affidavit of Detective Jeff Parton [Doc. 17-1]. During the search, officers found and seized the evidence Defendant now seeks to suppress. Defendant argues the search warrant was invalid because Detective Parton's affidavit was "woefully deficient" in that it did not contain "enough information to lead a reasonable, detached magistrate to believe controlled substances would be found at the address." [Doc. 17 at 1, 3]. The search warrant and affidavit have been carefully reviewed and fully considered in light of Defendant's memorandum. In summary, I find no constitutional violation with respect to the search of Defendant's residence. For the reasons below, I **RECOMMEND** that Defendant's motion [Doc. 17] be **DENIED**.

## II. SEARCH WARRANT AND AFFIDAVIT

The search warrant [Doc. 17-1 at 1-2] states there was probable cause to believe "Oxycodone and associated items" would be found at 419 Sevier Street, Hixson, Tennessee. The warrant therefore authorized the search of that address for Oxycodone or other controlled substances, documents and items showing the presence of Oxycodone, drug paraphernalia, money, weapons, and electronic devices suitable for use in controlled substance transactions or avoiding law enforcement.

Detective Parton's affidavit [Doc. 17-1 at 3-4] contains the following information. Detective Parton, while assigned to the Narcotics Investigations unit of the Hamilton County Sheriff's Office and during his involvement with the investigation of Defendant, learned from a confidential informant that Defendant was "engaged in the illegal sales of Oxycodone" and that Defendant resided at 419 Sevier Street in Hixson, Tennessee. Under Detective Parton's supervision, the confidential informant made a controlled purchase of Oxycodone from Defendant at Defendant's

2

residence within 72 hours of the application for a search warrant. Detective Parton searched the informant prior to the controlled purchase in order to confirm (s)he did not possess any contraband. Detective Parton also witnessed the informant arrive at and leave the Defendant's residence. This confidential informant "ha[d] provided information in the past that ha[d] proven credible and reliable and ha[d] made numerous controlled purchases of illegal narcotics for law enforcement agents." Detective Parton is specially trained in the trafficking of controlled substances, and he has learned from personal experience that drug trafficking is usually accompanied by the presence of "supporting items and materials" like those specified in the search warrant. Finally, Detective Parton has learned from his experience that "users and traffickers in controlled substances . . . commonly conceal them [in] several separate 'stashes,' . . . often carry[ing] only a small amount on their persons [and] keeping a larger supply nearby."

### III. ANALYSIS

#### A. Standard of Review

The Fourth Amendment requires that a search warrant be based "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. A warrant is based on probable cause when the facts indicate "'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Frechette*, 583 F.3d 374, 2009 WL 3211755, at *3 (6th Cir. Oct. 8, 2009) (quoting *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009)). The facts need not provide "certainty" that such evidence will be found, *id.* at 10 (stating that "[c]ertainty has no part in a probable cause analysis"), nor must they be sufficient to support a conviction, *United States v. Bell*, No. 08-5397, 2009 WL 2526161, at *1 (6th Cir. Aug. 20, 2009) (unpublished) (citing *Brinegar*

*v. United States*, 338 U.S. 160, 175 (1949)); *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006) (probable cause requires less than prima facie proof of a crime), but the issuing magistrate must have more than a "mere suspicion" that evidence will be found, *Jackson*, 470 F.3d at 306.

A magistrate judge's decision to issue a search warrant is entitled to "great deference," and will be reversed "only if it was arbitrarily made." *Frechette*, 2009 WL 3211755, at *3. In reviewing the sufficiency of the evidence supporting probable cause, the Court is "limited to examining the information contained in the four corners of the affidavit" in light of "the totality of the circumstances." *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009). Consequently, a Fourth Amendment violation will be found only if "the affidavit did not set forth a substantial basis for finding probable cause." *Frechette*, 2009 WL 3211755, at *3.

    **B.**    **Sufficiency of the Affidavit**

        **1.**    **Reliance on Confidential Informant**

It is proper for a magistrate to rely on the hearsay of a confidential informant when deciding whether to issue a warrant, but such reliance cannot be blind. *Dyer*, 580 F.3d at 390. "[W]hen the majority of the information in the affidavit comes from confidential sources, . . . courts 'must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances.'" *Id.* (quoting *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003)). The reliability of a confidential informant's declaration may be shown either by independent police corroboration or other "indicia" of reliability in the affidavit. *Id.* at 391. Those "indicia" may include, for example, averments establishing "the reliability of the information provided by the anonymous informant[] in the past" or "the length of the relationship between the officer and the confidential informants[]." *Id.* (alteration omitted). In addition, hearsay from an informant whose

4

identity is known to the officers is entitled to "far greater weight" than that of an anonymous informant who would not be subject to prosecution for making a false report. *Id.*

Here, the affidavit relied in part on hearsay of a confidential informant. Although Detective Parton witnessed the informant arrive at and leave Defendant's residence, and confirmed that the informant was not in possession of controlled substances prior to the purchase, Detective Parton did not personally witness Defendant participate in a drug transaction. Still, the informant's report was corroborated, to the extent possible, by Detective Parton's supervision of the controlled purchase. *See United States v. Jackson*, 470 F.3d 299, 307-08 (6th Cir. 2006) (officer's supervision of controlled purchase supported probable cause even without other indicia of the informant's reliability). Furthermore, the affidavit contained other indicia of the confidential informant's reliability--namely, Detective Parton's averment that the informant had previously provided credible and reliable information and had assisted in controlled drug purchases numerous times in the past. And, as in *Dyer*, the identity of the informant was known to the officers.

Accordingly, I **CONCLUDE**, based on Detective Parton's corroboration and the other indicia of reliability, that the information gleaned from the confidential informant was properly considered in issuing the warrant. Based upon the information provided by the confidential informant, there was at least a fair probability that the Defendant sold contraband to the confidential informant.

### 2. Nexus Between Place to be Searched and Evidence Sought

While the affidavit contains facts to support a magistrate's conclusion that Defendant was engaged in the sale of illegal drugs, the facts in the affidavit must also show a "nexus between the place to be searched and the evidence sought." *Dyer*, 580 F.3d at 394 (quoting *United States v.*

*Higgins*, 357 F.3d 381, 390 (6th Cir. 2009)). Detective Parton's affidavit must be sufficient to establish a fair probability that evidence of illegal drug sales would be found at Defendant's residence.

In determining whether probable cause exists to search a suspect's home, an issuing magistrate may consider the type of crime, the nature of the contraband, and the "normal inferences" as to where such contraband is typically hidden, to infer that a suspect will have evidence of a crime in his home. *United States v. Williams*, 544 F.3d 683, 686-88 (6th Cir. 2008) (holding search warrant for suspect's home was valid where affidavit contained evidence suspect had used a handgun in a crime elsewhere). A suspect's "casual" or "past" participation in drug sales outside of his residence might not justify a search of his home, but "continuing" drug sales will justify the inference that the suspect uses his home to store drugs and other evidence. *See United States v. Penney*, 576 F.3d 297, 312 (6th Cir. 2009) (quoting *Williams*, 544 F.3d at 687). In such circumstances, the presence of a "direct known link" between the crime and the suspect's residence is of "minimal" importance. *Id.* at 313 (quoting *United States v. Newton*, 389 F.3d 631, 636 (6th Cir. 2004)).

The crux of Defendant's argument for suppression appears to be that there was no indication his participation in drug sales was "continuing" and thus there was no basis for searching his residence. Defendant completely ignores that the affidavit states the controlled drug buy took place in the Defendant's residence, and contends "it is not enough to state that one controlled buy took place, then leave it open as to whether any further criminal activity could occur or whether any contraband would be found."

The Sixth Circuit Court of Appeals recently addressed a similar argument stating, "[t]here

6

are many situations where a single fact can lead to probable cause. For example, a police officer that witnesses a drug dealer dealing drugs out of his home could meet the threshold for probable cause and receive a search warrant to search for drugs in the drug dealer's home." *Frechette*, 2009 WL 3211755, at *7 n.4. The inference that a suspect who has sold drugs from his home in the few days immediately preceding issuance of the warrant will have evidence of that drug sale in his home is almost too plain to require explanation. *Cf. Jackson*, 470 F.3d at 308 (informant's declaration concerning drug dealing within three days of warrant issuance was not stale). To conclude otherwise would require the magistrate to believe the suspect had divested himself of all contraband and sanitized his home of all evidence of the sale after it occurred.

It is not necessary to address Defendant's argument challenging whether the information regarding Defendant's recent sale of drugs is sufficient to show "continuing" involvement in drug sales, because the affidavit establishes a "direct known link" between the crime and Defendant's residence. *See Penney*, 576 F.3d at 312. The affidavit states Defendant sold drugs to the confidential informant *at Defendant's residence within 72 hours of the warrant application*. Defendant's sale of drugs in his home provides more than a fair probability evidence of drug sales would be found there. *See Frechette*, 2009 WL 3211755, at *7 n.4.

In addition, an issuing magistrate "may give considerable weight to 'the conclusion of experienced law enforcement officers regarding where evidence of a crime is likely to be found.'" *United States v. Lawson*, 999 F.2d 985, 987-88 (6th Cir. 1993) (quoting *United States v. Fannin*, 817 F.2d 1379 (9th Cir. 1987)) (concluding that the issuing magistrate was entitled to rely on the officer's conclusion that the suspect, who received a package containing drugs in the mail, was not an innocent or accidental recipient, but would have other evidence of drug sales at his residence).

Thus, the issuing magistrate was entitled to rely on the experience of Detective Parton, who averred that sellers of drugs often keep only a small amount on their persons and keep a larger supply nearby, to conclude that Defendant's residence (and not merely his person) would contain evidence of drug sales. *See Lawson*, 999 F.2d at 987-88.

Accordingly, I **CONCLUDE** the issuing magistrate had probable cause to believe evidence of drug sales would be found at Defendant's residence and the warrant was properly issued.

## IV. CONCLUSION

For the reasons stated above, I **RECOMMEND**[2] that Defendant's motion to suppress [Doc. 17] be **DENIED**.

> s/*Susan K. Lee*
> SUSAN K. LEE
> UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).