UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:09-cr-55 |
| v. ) | |
| ) | Judge Mattice |
| DONALD RAY FREEMAN ) | |

**MEMORANDUM AND ORDER**

Before the Court are the Objections to Report and Recommendation on Defendant's Motion to Suppress Evidence [Court Doc. 20] of the Defendant, Donald Ray Freeman.

Mr. Freeman filed the subject Motion to Suppress Evidence [Court Doc. 17] by which he seeks have excluded from the trial of this matter any and all evidence seized as the result of the execution of a search warrant at 419 Sevier Street, Hixson, Tennessee, on June 20, 2008. The Court referred the motion to the Honorable Susan K. Lee, Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1)(B) and (C) to conduct such evidentiary hearings and take whatever action on the motions as she deemed appropriate and to submit a report and recommendation of her findings to the Court, if necessary. [Court Doc. 14]. Magistrate Judge Lee issued her Report and Recommendation [Court Doc. 18] (hereinafter the "R&R") on November 9, 2009 and, even though the Government never responded to the Defendant's Motion to Suppress Evidence, recommended that the motion be denied. *Id.*

Mr. Freeman timely filed his instant Objections to the R&R [Court Doc. 20, Def.'s Objs.], and the Government timely responded. [Court Doc. 21, Gov't's Resp.] For the reasons explained below, the Defendant's objections to Magistrate Judge Lee's R&R will

be **OVERRULED**. The Court will **ACCEPT AND ADOPT** Magistrate Judge Lee's R&R and will **DENY** Defendant's Motion to Suppress Evidence.

## I.   STANDARD OF REVIEW

The court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U. S. C. §636(b)(1)(C).

## II.   PROCEDURAL BACKGROUND

The original Discovery and Scheduling Order in this case, entered on May 14, 2009, set a motions deadline of June 16, 2009. (Court Doc. 6.) On June 30, 2009, the Defendant filed a Motion to Continue Deadlines, which requested that the Court vacate the original Discovery and Scheduling Order and retroactively relieve Defendant of the deadlines set forth therein, including the motions deadline. (Court Doc. 9.) The next day, the Court granted Defendant's motion and entered an Ends of Justice Scheduling Order, which set a new motions deadline of August 18, 2009. (Court Doc. 10.) On September 1, 2009, the Defendant filed another Motion to Continue Deadlines by which he sought, *inter alia*, a second retroactive extension of the motions deadline. (Court Doc. 11.) The Court, on the same date, also granted that motion and entered a second Ends of Justice Scheduling Order, which set a new motions deadline of September 22, 2009. (Court Doc. 12.) On October 6, 2009, the Defendant filed a motion for Leave to File Document (Motion to Suppress Evidence), by which he sought to file a motion to suppress out-of-time. (Court Doc. 13.) The Court referred that motion to Magistrate Judge Lee, and she granted it on October 13, 2009. (Court Docs. 14 & 16.) The Government did not oppose any of the

Defendant's requests to extend deadlines retroactively.

## III. FACTS

The facts relevant to this matter are not in dispute. As pointed out by Magistrate Judge Lee in her R&R, the sole issue before the Court is whether the affidavit which supported the search warrant in question set forth facts sufficient to establish probable cause. (Court Doc. 18, R&R at 1, n.1.) This inquiry involves a purely legal determination and, thus, Magistrate Judge Lee found it unnecessary to hold an evidentiary hearing. *Id.* All the undisputed underlying facts are set forth in the R&R and the Court will refer to them herein selectively, and only as is necessary to address the issues raised by the Defendant's instant objections.

## IV. ANALYSIS

### A. Waiver of Objections

As observed above, Defendant's first objection to R&R is that Magistrate Judge Lee erred in not construing the Government's failure to respond to the initial Motion to Suppress Evidence as a waiver of opposition to the motion pursuant to Rule 12(e) of the Federal Rules of Criminal Procedure, which states:

> (e) **Waiver of a Defense, Objection, or Request**. A party waives any rule 12(b)(3) defense, objection or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver.

The relevant rules relating to motion practice are found in the Court's Local Rules, which provide, in pertinent part, as follows:

**LR7.1 Motion Practice**

**(a) Briefing Schedule**.  Unless the Court notifies the parties to the contrary, the briefing schedule for all motions shall be: (1) the opening brief and any accompanying affidavits or other supporting material shall be served and filed with the motion; (2) the answering brief and any accompanying affidavits or other material shall be served and filed no later than 14 days after the service of the opening brief, except that parties shall have 21 days in which to respond to dispositive motions; (3) any reply brief and accompanying material shall be served and filed no later than 7 days after the service of the answering brief. The above briefing schedule may be set aside if ordered by the Court, or if within 14 days after the filing of a motion, a stipulated briefing schedule is approved by the Court.

**LR7.2 Motion Disposition**

Motions will be disposed of routinely as soon as possible after they become at issue, unless a hearing has been requested and granted or unless the Court desires a hearing on the motion(s). Under exceptional circumstances, the court may act upon a motion prior to the expiration of the response time. Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.

In her R&R, Magistrate Judge Lee addressed the fact of the Government's failure to oppose Defendant's Motion to Suppress Evidence as follows:

> Remarkably, the Government has not filed a response in opposition to the motion to suppress, and because this motion required no evidentiary hearing, the Government has made no argument whatsoever in response to Defendant's motion. The Government did not ask for an extension of time to file a responsive pleading, nor did it provide an explanation for its failure to file. The Government's failure is even more remarkable given that counsel for both parties were notified the response was overdue and the Government indicated it would file a response "in short order," but never did so. The Government's failure to respond may be deemed a waiver of any arguments it has in opposition to the motion. *See* Fed. R. Crim. P. 12(e) and E.D. TN. LR 7.2. Nevertheless, I will

> consider Defendant's motion on the merits without the benefit
> of input from the Government.

(R&R at 1.)

Magistrate Judge Lee went on to consider Defendant's motion to suppress on the merits and, following a thorough analysis, recommended that it be denied. (*Id*. at 8.) In his instant objection to the R&R, the Defendant states:

> While the Report and Recommendation says the government's failure to respond "may be deemed a waiver of any arguments it has in opposition to the motion", Mr Freeman respectfully submits that under the rule, the government has in fact waived any objection to the Motion to Suppress.

(Def.'s Objs. at 1.)

In its response to the defendant's objections the Government addresses the issue as follows:

> The Government concedes its unintentional neglect in failing to properly respond to the Defendant's Motion to Suppress Evidence. However, adequate cause exists to excuse the Government's failure to timely respond as the Report and Recommendation to this Court is correct under the law. Accordingly, the United States requests that the Court consider this response to the defendant's objections.

(Gov't's Resp. at 1.)

The Court finds that the Government is certainly at fault for its failure to respond and its failure to request extensions of time within which to respond. Pursuant to Fed. R. Crim. P. 12(e), this failure constitutes a waiver of objection to Defendant's Motion to Suppress. The Court can identify no showing of good cause by the Government that might cause the Court to grant relief from the waiver. Although the Local Rule indicates that the Court "may" deem a failure to respond as a waiver, the Federal Rules of Criminal Procedure are

clearly controlling. Nonetheless, the Court does not fault Magistrate Judge Lee's decision to assess the Motion to Suppress on its merits. The Court notes that Defendant moved to continue the deadlines retroactively twice and eventually had to request leave to file the Motion to Suppress two weeks beyond the third deadline set forth in the scheduling order. (Court Docs. 9, 11, and 13.) Defendant, therefore, is not completely without fault as it pertains to the assertion of his rights and the filing of this Motion. Moreover, the result of a waiver–automatically granting the relief sought on this basis rather than on the merits–would have significant and unwarranted consequences in this matter.

Under these circumstances, the Court finds that it has an independent obligation to decide the merits of the Motion.[1] Therefore, the Court concludes that it was appropriate

---

[1] The Court admits that the language of Rule 12(e) appears to unequivocally require waiver in the absence of good cause, and gives the district court little discretion to address the merits when a party has failed to assert opposition.

The cases the Court has discovered on 12(e) waivers, however, generally address this issue in the context of the defendant's failure to raise a Rule 12(b)(3) motion before trial. *See, e.g. United States v. Turner*, --- F.3d ---, 2010 WL 985845 (6th Cir. 2010); *United States v. Jordan*, 544 F.3d 656, 666 (6th Cir. 2008). Considering the instant case in this context, Defendant's failure to file his Motion to Suppress by the multiple deadlines set for the filing of Motions could have been construed by the Court as a waiver of any objection to the seizure of evidence. The Court did not take this approach and rather granted the Defendant leave to file the Motion to Suppress after the deadline. The Court observes that Defendant now objects to a situation that the Court could similarly construe as a waiver of opposition by the Government.

The Court does not suggest that this makes the parties "even" and therefore allows the Court to address the merits of Defendant's Motion to Suppress. The Court notes, however, that an automatic waiver would have untenable results under some circumstances. For example, the government's failure to respond to a frivolous Rule 12(b)(3) motion by a defendant requesting an absurd degree of relief would surely not constrain the presiding court from undertaking an analysis of the merits. Indeed, allowing relief in such a situation might run completely contrary to settled law. The Court further observes that Fed. R. Crim. P. 2 reads that "[t]hese rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." The Court finds that addressing Defendant's Motion on the merits in this situation would advance the just determination of this criminal case and be reasonably fair to both parties.

for Magistrate Judge Lee to address the merits of Defendant's Motion to Suppress even in the absence of Government opposition. The Court would strongly caution the Government, however, that a failure to respond to a Motion in future cases, especially those where the defendants are more diligent in timely filing their own Motions, may not be excused.

B.     **Sufficiency of Warrant**

Defendant also objects to Magistrate Judge Lee's findings in regards to the sufficiency of the warrant. (Def.'s Objs. at 2.) Defendant's objections reiterate his argument in the Motion to Suppress and he again states that the one controlled drug purchase did not provide a sufficient connection with drug trafficking to warrant a search of Defendant's home. (*Id.* at 2-4.) The Government responds to Defendant's objections and asserts that one controlled purchase by a reliable confidential informant in Defendant's residence provides enough information to justify a search of the home and that the affidavit contains sufficient information to support the issuance of the warrant for the residence. (Gov't's Resp. at 3-6.) In addition, the Government asserts that, in the event that the Court finds the affidavit to be insufficient, the exclusionary rule should not apply because Detective Parton acted in good faith in its execution. (*Id.* at 6-8.)

Magistrate Judge Lee found that the one controlled buy at Defendant's home was sufficient to provide the required nexus between the location to be searched and the evidence sought. (R&R at 5-8.) Magistrate Judge Lee concluded that it was reasonable to infer that evidence of drug sales would be present at a residence where a controlled drug purchase had taken place a few days earlier. (*Id.* at 7.) Moreover, Magistrate Judge

Lee noted that reliance on Detective Parton's extensive knowledge about where evidence of drug crimes might be located was proper. (*Id.* at 7-8.) Magistrate Judge Lee further concluded that the affidavit to procure the search warrant, on its own terms, established a link between the crime and Defendant's home, and there was "more than a fair probability" that evidence of drug sales would be discovered there. (*Id.*)

The Court can identify no valid reason for disturbing Magistrate Judge Lee's findings and conclusion. Detective Parton stated in his affidavit that "[s]treet sellers of drugs often carry only a small amount on their persons, again keeping a larger supply nearby." (Court Doc. 17-1, Parton Aff. ¶ 2.) The affidavit also states the following:

> Your Affiant received information from a Hamilton County Sheriff's Office Confidential Source . . . that Donald Freeman is engaged in the illegal sales of Oxycodone in Chattanooga, Hamilton County. . . CS#1 has provided information in the past that has proven credible and reliable, and has made numerous controlled purchases of illegal narcotics for law enforcement agents. Based upon CS#1's prior use of Oxycodone, CS#1 is familiar with the appearance and properties of Oxycodone. Within the last seventy-two hours, under the direction and supervision of your Affiant, CS#1 made a controlled purchase of Oxycodone from Donald Freeman at the address described in #4 above. Your Affiant searched CS#1 and his/her vehicle prior to and after this purchase with no contraband located. Your Affiant also witnessed CS#1 arrive at and leave the address described in #4 above.

(*Id.* ¶¶ 6-9.) Defendant asserts that there is no information in the affidavit that would establish Defendant as a "known drug dealer" or reasonably suggest that there might be evidence of drug sales in his home. (Court Doc. 17, Def.'s Mot. to Suppress at 3.) The Court disagrees. The confidential source informed Detective Parton that Defendant "is engaged" in the sale of Oxycodone. That information suggests that Defendant is continuously involved in the sale of illegal drugs. It does not necessarily support an

inference that Defendant is a "known drug dealer" in the sense that perhaps he is not *widely* known for dealing in Oxycodone, but it does indicate that Defendant has been and is currently engaged in dealing Oxycodone.

The Court agrees that this information alone does not establish that Defendant deals Oxycodone out of his residence. Detective Parton, however, verified this information by conducting a controlled buy, *which took place in Defendant's home*. After the controlled buy was completed, it was reasonable for Detective Parton to anticipate that evidence of drug sales would be present in the home, especially given that the controlled buy occurred shortly before he completed the affidavit and procured the warrant. In addition, Detective Parton's extensive experience with drug crimes afforded him knowledge about common practices–such as leaving the bulk of the narcotics in a residence or other location–upon which the magistrate could reasonably rely. *See United States v. Lawson*, 999 F.2d 985, 987 (6th Cir. 1993). It was, therefore, acceptable that the magistrate judge issuing the warrant believed that there was "a fair probability that contraband or evidence of a crime" would be found at Defendant's home. *See United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009) (citation omitted).

Defendant cites to *United States v. McPhearson*, 469 F.3d 518 (6th Cir. 2006) in support of his position. In *McPhearson*, the officers came to the defendant's residence to arrest him for a simple assault charge–nothing to do with narcotics–and decided to obtain a search warrant for his residence after finding crack cocaine on his person during a pat-down. *Id.* at 520-21. The United States Court of Appeals for the Sixth Circuit upheld the district court's determination that the affidavit to support the search of the defendant's

residence did not establish probable cause. The facts in *McPhearson*, however, are readily distinguishable from those in the instant case.

Here, Detective Parton had reliable information that Defendant was dealing Oxycodone. Detective Parton verified this information by conducting a controlled purchase of Oxycodone, which occurred inside Defendant's residence. Detective Parton provided the issuing magistrate with information directly relating to Defendant's drug activities and information that certainly indicated a fair probability that evidence of drug sales (or, at the very least, the recent drug sale conducted with CS#1) would be present in Defendant's home. The magistrate properly relied on this information to find that probable cause existed for the issuance of the warrant. The Court agrees with Magistrate Judge Lee's conclusion that the warrant was sufficient and concludes that Defendant's Motion to Suppress should be **DENIED**.

**V. CONCLUSION**

For the reasons explained above, the Court **ORDERS** as follows:

- Magistrate Judge Lee's R&R [Court Doc. 18] is **ACCEPTED and ADOPTED**;

- Defendant's Objections [Court Doc. 20] are **OVERRULED**; and

- Defendant's Motion to Suppress [Court Doc. 17] is **DENIED**.

**SO ORDERED** this 13th day of May, 2010.

                                           */s/Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE